**COLONIAL OIL COMPANY,**
Appellant,

v.

**Fred F. VINING and W. D. McGLASH-AN, Appellees.**

**No. 16178.**

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1956.

J. B. Copeland, Valdosta, Ga., Samuel Kassewitz, Jacksonville, Fla., for appellant.

O. W. Franklin, O. W. Franklin, Jr., Valdosta, Ga., Ben T. Willoughby, Homerville, Ga., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Alleging an amount in controversy in excess of $3,000, exclusive of interest and costs, plaintiff brought this suit for the specific performance of a contract to purchase not less than 3,000, and not more than 30,000 gallons of motor fuels and gasoline per month, and, in the alternative, for damages in the sum of $5,000.

Defendants moving to dismiss for want of jurisdiction on the ground that the plaintiff's right to recover under the contract would be of less worth than the required jurisdictional amount, plaintiff amended Par. 3 of its complaint to allege in detail "the facts upon which plaintiff relies to sustain the jurisdictional amount alleged",[1] showing, the value of the right which it is sought to protect and, in the alternative, the amount of the damages which plaintiff would suffer from the breach to be more than $3,000.

The pleadings standing thus, with plaintiff claiming in good faith an amount in excess of the jurisdictional amount, the district judge, construing the contract and what he considered plaintiff's rights under it, in the light of the facts alleged, held that it appeared "to a legal certainty that the claim is really for less than the jurisdictional amount", St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 590, 82 L.Ed. 845, and dismissed plaintiff's suit for want of jurisdiction.

Here plaintiff, invoking the settled rule with respect to the requisite jurisdictional amount, that the good faith allegation of the complaint that the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs, is sufficient to confer jurisdiction unless it appears elsewhere in the complaint or by proof aliunde that less than that amount is involved, Olan Mills, Inc., of Tenn. v. Enterprise Pub. Co., 5 Cir., 210 F.2d 895; Burks v. Texas Co., 5 Cir., 211 F.2d 443; Bell v. Preferred Life Assurance Society, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845; insists that the holding was wrong and the judgment must be reversed. We agree.

We find nothing in the complaint or elsewhere in the record that would indicate a lack of good faith on the part of the plaintiff in seeking to recover damages in excess of $3,000, and so far as the amount in controversy is concerned, the determination of the right to invoke federal jurisdiction lies in the good faith of the plaintiff, cases cited supra. This is in no manner impugned either in fact or in law. The judgment dismissing the suit was wrong. It is reversed and the cause is remanded for further and not inconsistent proceedings.

---

1. Summarized, these facts are: that defendant's service station was on the highway accommodating a large and constantly growing tourist traffic; that they had each month purchased from plaintiff large quantities of motor fuels, and, if they continued in the performance of their obligation for the remaining 48 months of the contract, they would continue to do so.