Thelma M. WADE, as Administratrix of the Estate of Russell L. Smith, Deceased, Appellant

v.

Dan ROGALA, Doing Business as Rogala Fisheries.

No. 12848.

United States Court of Appeals Third Circuit.

Argued June 4, 1959.

Decided Sept. 17, 1959.

---

Harvey Goldstein, New York City (S. Eldridge Sampliner, Cleveland, Ohio, Jeffrey M. Sobel, Erie, Pa., on the brief, for appellant.

Lawrence R. Nelson, Richard D. Agresti, Erie, Pa., on the brief, for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

This appeal is taken from the Order [1] of the District Court for the Western District of Pennsylvania dismissing the plaintiff's complaint with prejudice on the ground that the jurisdictional amount, 28 U.S.C. § 1331, was not involved.

■ Of course, the dismissal "with prejudice" is not res judicata as a final decision upon the merits since the ground of dismissal is jurisdictional.[2] But the primary issue presented on this appeal is the correctness of the determination that the jurisdictional amount was not involved.

Plaintiff is the administratrix of the estate of Russell L. Smith, deceased. On November 21, 1956, she filed a complaint alleging that the decedent met his death on December 21, 1953, when a fishing vessel on which he was employed by the defendant foundered and sank in Lake Erie. The complaint charged the defendant with negligence, and asserted a claim for relief under the Jones Act, 46 U.S.C.A. §

1. The Order is as follows: "And now, this 29th day of October, 1958, this cause having been heretofore taken under advisement on the motion of the defendant to dismiss the complaint, after due consideration of the briefs and depositions filed herein, and the Court being fully advised in the premises, said Motion to Dismiss is allowed on the ground that the amount involved does not meet the requirement set forth in Title 28, Section 1331, U.S.C.A.

"And, it is ordered that this case be and it is hereby dismissed at plaintiff's costs with prejudice."

2. See the authorities collected in Williams v. Minnesota Mining & Manufacturing Co., D.C.D.Cal.1953, 14 F.R.D. 1, 8–9.

688. Although not averred in the complaint,[3] it appears without dispute that the decedent was about nineteen years old at the time of his death and was survived by his father, who died after this action was brought. It is also undisputed that the decedent was survived by sisters and a brother.

Accordingly, jurisdiction exists in the Federal District Court, if at all, by reason of the application of a law of the United States under 28 U.S.C. § 1331, which, at the time this action was brought, required that the matter in controversy exceed the sum or value of $3,000, exclusive of interest and costs.[4] Branic v. Wheeling Steel Corporation, 3 Cir., 1945, 152 F.2d 887, 890, certiorari denied 327 U.S. 801, 66 S.Ct. 902, 90 L. Ed. 1026; Moore v. Central R. Co. of New Jersey, 2 Cir., 1950, 185 F.2d 369.

In the court below, the defendant moved to dismiss for want of jurisdiction, citing 28 U.S.C. § 1332, which is inapplicable. However, the motion was treated by the court and the parties as raising the issue of jurisdictional amount under 28 U.S.C. § 1331. After giving the plaintiff opportunities to present evidence on this issue,[5] the District Court entered the Order from which this appeal was taken.

We are of the opinion that Order was erroneously entered.

■ The Jones Act extends to seamen the benefit of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. That Act creates a liability upon employers in the case of death of an employee " * * * to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such * * * death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier [employer] * * *." 45 U.S. C.A. § 51.

■■ The statute is controlling with respect to the persons on whose behalf the action may be brought. Chesapeake & O. R. Co. v. Kelly, 1916, 241 U.S. 485, 491, 36 S.Ct. 630, 60 L.Ed. 1117. It therefore readily appears that the complaint in this case is deficient with respect to the claim for benefits. See footnote 3, supra. Neither the estate of the decedent, nor his "heirs at law", as such, is entitled to recovery. Next of kin are specifically required to be dependent. Even so, recovery may be had only if

---

3. The Complaint, in pertinent part, reads as follows:
 "Eighth: That the decedent died, leaving him surviving heirs at law and next of kin, on whose behalf this action is brought.
 "Ninth: That by reason of the foregoing, the Estate, heirs at law, next of kin of Russell L. Smith, deceased, sustained damages in excess of Three Thousand Dollars ($3,000) exclusive of interest and costs.
 "Wherefore, plaintiff demands judgment against the defendant herein in a sum in excess of Three Thousand Dollars ($3,-000) together with the costs and disbursements of this action."

4. 28 U.S.C. § 1332, applicable in cases of diversity of citizenship, fixes the same requirement as to the value of the matter in controversy. The complaint herein does not recite the citizenship of the plaintiff or defendant, and plaintiff has nowhere contended that in fact the citizenship requirements exist.

5. The docket entries show that both plaintiff and defendant filed notices to take depositions upon oral examination of witnesses. The defendant took the deposition of the plaintiff administratrix. From the statement of counsel to this Court, it appears that the transcript of this deposition was attached to the brief submitted to the District Court. The filing was not entered on the docket, although it appears from the Order entered by the District Judge (see footnote 1 above), that it was considered by it. The plaintiff apparently took the deposition of one Mrs. Richard Carrick, and has printed it, together with the deposition of the administratrix taken by the defendant, as part of the Appendix in this Court. However, defendant has advised this Court, and plaintiff has not stated otherwise, that the transcript of Mrs. Carrick's deposition was not filed, nor was it presented to the District Court for consideration.

such damages as flow from the deprivation of pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries. Michigan Cent. R. Co. v. Vreeland, 1913, 227 U.S. 59, 70, 33 S.Ct. 192, 57 L.Ed. 417. And thus, in the case of a widow or husband and children, or, as here, in the case of a parent, there must exist a reasonable expectation of pecuniary benefit from the continued life of the deceased, irrespective of dependency. Gulf, C. & S. F. R. Co. v. McGinnis, 1913, 228 U.S. 173, 33 S.Ct. 426, 57 L.Ed. 785.

██ Moreover, the cause of action under the statute accrues only in the alternative to one of the possible classes of beneficiaries. Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., 1927, 275 U.S. 161, 48 S.Ct. 73, 72 L.Ed. 216. Accordingly, since the decedent was survived by his father, he constituted the sole class beneficiary of the action, as the plaintiff here concedes. Any recovery, in view of the father's death, would be received on behalf of the father's estate. Van Beeck v. Sabine Towing Co., 1937, 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685; Dellaripa v. New York, New Haven & Hartford R. Co., 2 Cir., 1958, 257 F.2d 733.

Plainly, the complaint requires amending. But this does not merit dismissal for want of jurisdiction, for there is a fundamental distinction between dismissal for failure to state a claim upon which relief can be granted and for lack of jurisdiction.

The general rules with respect to jurisdictional amount are summarized in St. Paul Mercury Indemnity Co. v. Red Cab Company, 1938, 303 U.S. 283, 288–290, 58 S.Ct. 586, 590, 82 L.Ed. 845:

" * * * The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, *the sum claimed by the plaintiff controls if the claim is apparently made in good faith.* It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. *The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.* Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. *Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.*" (Emphasis supplied.)

██ Thus, the ad damnum of the complaint, as where the right to unliquidated damages exists, generally suffices to support the requirement of jurisdictional amount. Bell v. Preferred Life Assurance Society, 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Barry v. Edmunds, 1886, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729. But we need not go so far. In view of the condition of the complaint in this case, the reluctance of the District Court to rely solely upon it is understandable. Particularly is this so since the manner in which the determination should be made is ordinarily left to the trial court, Gibbs v. Buck, 1939, 307 U.S. 66, 76, 59 S.Ct. 725, 83 L.Ed. 1111, and the burden of establishing jurisdiction rests upon the plaintiff, McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 277, 57 S.Ct. 197, 81 L.Ed. 183; see also, Kaufman v. Liberty Mutual Insurance Company, 3 Cir., 1957, 245 F.2d 918, 920. And, of course, the right of the court to entertain the cause is always a matter of dominant concern: Ambassador East, Inc. v. Orsatti, Inc., 3 Cir., 1958, 257 F.2d 79, 80. While amendment of the complaint might have

been a better approach, compare Colonial Oil Company v. Vining, 5 Cir., 1956, 237 F.2d 913, we do not doubt the right to examine the product of discovery.

The record is undoubtedly meager, and the District Court did not favor us with a statement of the basis for its conclusion that the jurisdictional amount did not exist. However, our review does not permit us to conclude that it is apparent to a legal certainty that the plaintiff could not recover sufficient damages to make up the requisite amount.

The decedent was a minor, evidently at the outset of his earning career. He was survived by a father along in years and evidently close to the conclusion of his earning capacity. There is evidence that the father's health was declining, and it appears that his financial resources were not great. There is evidence, too, that while the decedent did not make his home with his father, their relations were friendly.[6]

 In order to make a recovery on behalf of the father, it is only necessary to establish that he had a reasonable expectation of pecuniary benefit from the continued life of his son. That this is a rule of intangibility, not lending itself to precise calculation of damages, is self-evident. Cf. Neese v. Southern Railway Co., 1955, 350 U.S. 77, 76 S.Ct. 131, 100 L.Ed. 60, reversing Southern Railway Co. v. Neese, 4 Cir., 1954, 216 F.2d 772. The age of the father, his health and financial condition, the age of the decedent, his health, financial condition and status, and their relationship, are intangible factors to be weighed ultimately by the jury, along with the right of the father to his minor son's earnings and to support under the local law.[7] To determine in limine that the plaintiff could not produce evidence to support a verdict in excess of $3,000 would not be justifiable; nor could it be said that a verdict in excess of $3,000 should be set aside before it was rendered. Bell v. Preferred Life Assurance Society, supra; Barry v. Edmunds, supra. Indeed, since the issue of jurisdictional amount in this case is so closely tied to the merits of the cause, insistence upon evidence with respect thereto must be limited " 'lest, under the guise of determining jurisdiction, the merits of the controversy between the parties be summarily decided without the ordinary incidents of a trial, including the right to a jury.' " Fireman's Fund Ins. Co. v. Railway Express Agency, 6 Cir., 1958, 253 F.2d 780, 783, quoting from Smithers v. Smith, 1907, 204 U.S. 632, 633, 27 S.Ct. 297, 51 L.Ed. 656; see also, McDonald v. Patton, 4 Cir., 1957, 240 F.2d 424, 425. The necessary choice, except in the flagrant case, where the jurisdictional issue cannot be decided without the ruling constituting at the same time a ruling on the merits, is to permit the cause to proceed to trial. Fireman's Fund Ins. Co. v. Railway Express Agency, supra; cf. Land v. Dollar, 1947, 330 U.S. 731, 735, 67 S.Ct. 1009, 91 L.Ed. 1209. Even then, unless the court were convinced that the plaintiff was never entitled to the jurisdictional amount, and his claim was therefore asserted only for the purpose of gaining jurisdiction, dismissal on jurisdictional grounds would not be justified. St. Paul Mercury Indemnity Co. v. Red Cab Company, supra. See Silvers v. Maryland

---

6. The deposition of Mrs. Carrick, taken by plaintiff, see note 5, supra, additionally shows monetary contributions from the decedent to his father. However, we do not consider it necessary to rely on this deposition, but it should be made part of the record below.

7. As to the relevance of relationship, see McGlothan v. Pennsylvania R. Co., 3 Cir., 1948, 170 F.2d 121; Naylor v. Isthmian S.S. Co., 2 Cir., 1951, 187 F.2d 538, 541; as to the relevance of the right of support under local law, see Civil v. Waterman Steamship Corporation, 2 Cir., 1954, 217 F.2d 94, 99, and it may be noted that under the law of Pennsylvania in appropriate circumstances, a child may be required to contribute to the support of his parent; as to the relevance of a father's right to earnings of a minor child, see Minneapolis & St. L. R. Co. v. Gotschall, 1917, 244 U.S. 66, 37 S.Ct. 598, 61 L.Ed. 995, and it may be noted that under the law of Pennsylvania such right does exist.

Casualty Company, 3 Cir., 1956, 239 F. 2d 865, 866.

We need only add that the death of the decedent's father subsequent to the institution of the action, even though limiting the recovery, Van Beeck v. Sabine Towing Co., supra, is not a pertinent factor: events occurring after institution of suit do not oust the court of jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Company, supra.

For the reasons stated, the Order of the District Court will be reversed, and the cause remanded with instructions to proceed in accordance with this opinion.