Dolores **MONKELIS**, Executrix of the Estate of Stephen Hriczo, deceased, Plaintiff,

v.

**TRANS WORLD AIRLINES, INC.**, General Dynamics Corporation, and Standard Kollsman Industries, Defendants,

v.

**KOLLSMAN INSTRUMENT CORPORATION**, Third-Party Defendant.

No. 1982.

United States District Court
E. D. Kentucky,
Lexington Division.

June 16, 1969.

Paul A. Village and Sanford A. Middleman, Pittsburgh, Pa., for plaintiff.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for Trans World Airlines, Inc.

Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Standard Kollsman Industries and Kollsman Instrument Corp.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for General Dynamics Corp.

## MEMORANDUM

SWINFORD, Chief Judge.

The record is before the court on the motion of the defendant, Standard Kollsman Industries, Inc., to dismiss for lack of jurisdiction over the person, for in-

---

2. RT p. 30.

sufficiency of service of process, and for improper venue.

This action was commenced in the United States District Court for the Western District of Pennsylvania and transferred to this court for pretrial proceedings pursuant to section 1407 of Title 28, United States Code. Service of process was purportedly effected on the defendant, Standard Kollsman, by handing a copy of process to the person in charge of a plant on Mill Street, Dublin, Pennsylvania.

Standard Kollsman has filed an affidavit of its vice-president, Raymond F. Ryan, in support of its motion. The allegations of the affidavit have not been contradicted by the plaintiff. It appears that Standard Kollsman is an Illinois corporation which is not authorized to do, and does not do, any business in Pennsylvania. It has no facilities on Mill Street, Dublin, Pennsylvania, or any place else in Pennsylvania. Kollsman Motor Corporation does have premises on Mill Street, Dublin, Pennsylvania. Kollsman Motor Corporation is incorporated under the laws of Delaware and is a wholly-owned subsidiary of Kollsman Instrument Corporation, which is a wholly-owned subsidiary of the defendant, Standard Kollsman. Kollsman Motor Corporation appears from the record to be a corporate entity separate and independent from Standard Kollsman. It has its own board of directors and officers who conduct its day to day business; it maintains separate books and records and bank accounts; it pays its own operating expenses and owns or leases its own buildings, supplies, and equipment.

■ The burden of proving jurisdictional facts is on the plaintiff. Wade v. Rogala, 3 Cir., 270 F.2d 280, 284; Smeltzer v. Deere and Co., W.D.Pa., 252 F.Supp. 552, 555.

■ The leading case on the subject of a parent corporation's amenability to suit in a jurisdiction because of the presence there of a subsidiary is Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. In that case the Supreme Court noted that the corporate separation, though perhaps merely formal, was real and "not a pure fiction" and held that "such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction." 267 U.S. at 336–337, 45 S.Ct. at 251. While the Cannon Mfg. Co. case has certainly been qualified by subsequent Supreme Court decisions, it is still true that the mere ownership by a corporation of all the stock of a subsidiary amenable to the jurisdiction of the courts of a state may not alone subject the parent to the jurisdiction of such courts. Velandra v. Regie Nationale des Usines Renault, 6 Cir., 336 F.2d 292, 296.

■ The cases of Smeltzer v. Deere and Co., supra, and Scalise v. Beech Aircraft Corp., E.D.Pa., 276 F.Supp. 58, contain good discussions of the law in this area by two district courts in Pennsylvania. In Scalise, the court said:

"Neither the total ownership of the stock of the subsidiary by the parent corporation, Cannon, supra; Technograph Printed Circuits, Ltd. v. Epsco, Inc., 224 F.Supp. 260 (E.D.Pa.1963); Botwinick v. Credit Exchange, Inc., 419 Pa. 65, 213 A.2d 349 (1965), nor the similarity of names between the parent and the subsidiary, Moorehead v. Curtis Publishing Co., 43 F.Supp. 67 (W.D.Kentucky 1942), nor the identity of the officers and directors of the subsidiary and the parent, Electrosonics International, Inc. v. Wurlitzer Co., 234 F.Supp. 913 (E.D.Pa.1964); Botwinick, supra, is in and of itself sufficient to subject the nonresident parent to jurisdiction in the state in which the subsidiary does business, in the absence of a showing that the subsidiary is the parent's alter ego or agent.

"The cases have uniformly held, therefore, that although stock ownership and identity of officers and directors naturally subject the subsidiary to a measure of control, the issue upon which the disposition of a motion to

quash service of process lies is how such control is exercised.

\* \* \* \* \* \*

"Accordingly, in that there has not been introduced into this record sufficient evidence of the conduct of either Atlantic (parent) or Service (subsidiary) which would justify our sustaining service of process upon Atlantic, the attempted service of process upon Atlantic must be quashed." 276 F.Supp. at 62.

Likewise, in the instant case, there is nothing in the record to indicate how much control Standard Kollsman exercises over Kollsman Motor Corporation or whether the latter is the former's alter ego. Therefore, the motion of the defendant, Standard Kollsman, to dismiss should be sustained.

An order in conformity with this memorandum is this day entered.