**In re Multidistrict Private Civil Treble Damage Antitrust Litigation Involving GYPSUM WALLBOARD.**

**No. 14.**

Judicial Panel on Multidistrict Litigation.

July 31, 1969.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, WILLIAM H. BECKER, JOSEPH S. LORD, III, EDWIN A. ROBSON, STANLEY A. WEIGEL, and EDWARD WEINFELD, Judges of the Panel.

PER CURIAM.

On May 22, 1969 a conditional transfer order was entered transferring the case of Ev Lutheran Good Samaritan Society et al. v. Fibreboard from the District of Kansas to the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. One of the defendants, Johns-Manville Corp., has filed an affidavit in opposition to the proposed transfer of that case insofar as it relates to that defendant. The effective date of the order of May 22, 1969 was stayed until further order of the Panel. Johns-Manville has waived a hearing and no other party has requested a hearing in connection with the opposition to the transfer of this case to the Northern District of California.

Johns-Manville opposes the transfer "on the ground that no jurisdiction has been obtained over the person of Johns-Manville Corp. [in the District of Kansas]." Questions involving jurisdiction, venue, and service of process are for the court before which the litigation is pending but we will assume, arguendo, that service was ineffective and personal jurisdiction over the defendant Johns-Manville Corp. is lacking. However the power of the Panel to "effectuate a transfer under § 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." In re Children's Book Cases, 299 F.Supp. 1139 (Jud.Pan.Mult.Lit.1969). The transfer of this action under § 1407 will not deprive Johns-Manville of any right which is entitled to judicial protection. Motions to quash service or dismiss for lack of jurisdiction are being routinely considered by courts to which multidistrict litigation has previously been transferred [1] and we see no good reason why Johns-Manville can not pursue its remedies following transfer.

None of the parties to this litigation have suggested that any of the statutory requirements for transfer under § 1407 have not been met and we are satisfied that this case should be transferred to

1. For example Chief Judge Mac Swinford of the Eastern District of Kentucky—the assigned judge in the Cincinnati air disaster cases—has ruled on several motions attacking the jurisdiction and venue of one of the transferor courts—the Western District of Pennsylvania. Monkelis v. Trans World Airlines, 303 F.Supp. 651 (June 16, 1969).

the Northern District of California on the basis of the original hearing and for the reasons stated in the initial transfer order. In re Gypsum Wallboard, 297 F.Supp. 1350 (Jud.Pan.Mult.Lit. 1969). The stay of the order of May 22, is hereby lifted and the Clerk of the Panel is directed to transmit that order forthwith to the Clerk of the Northern District of California for filing and distribution pursuant to § 1407.