Harold W. **MULHOLLAND** and Helen K. Mulholland, his wife,

v.

Boyd W. **BRIGHT.**

Civ. A. No. 70–512.

United States District Court,
M. D., Pennsylvania.

May 21, 1971.

Russell F. Griest, Markowitz, Kagen & Griffith, York, Pa., for plaintiffs.

John W. Blasko, McQuaide, Blasko, Brown & Geiser, State College, Pa., for defendant.

## OPINION

MUIR, District Judge.

This is a diversity action arising out of an automobile accident. The Plaintiffs claim damages for pain, medical expenses, loss of wages, and property damage. The total for medical expenses, loss of wages, and property damage is substantially below the jurisdictional amount of $10,000.00. The defendant has moved to dismiss on the grounds that this Court lacks jurisdiction because the amount in controversy is less than the requisite amount of $10,000.00 exclusive of interest and costs. After consideration of the briefs and affidavits filed, the Court is of the opinion that the motion must be denied.

■■ Were this a case of first impression, I would apply an a priori test that if a verdict for more than $10,000.00 would have to be reduced to $10,000.00 or less, the action should be dismissed. However, this is not a case of first impression and I am bound by the rule of Wade v. Rogala, 270 F.2d 280 (3d Cir. 1959) that, except in flagrant cases, a District Court should not usurp the function of the jury by ruling in advance that damages could not exceed the jurisdictional amount. Similarly, in Jaconski v. Avisun Corporation, 359 F.2d 931 (3d Cir. 1966), the Court indicated that where, as here, there are necessarily intangible factors involved, the test to be applied is whether the plaintiffs' claim is made in good faith. The Court said: [The] "basic criterion for determining * * * good faith * * * is that it must appear to [a] legal certainty that [the] claim is really for less than [the] jurisdictional amount to justify dismissal * * *". In the light of Plaintiffs' affidavit, this Court cannot say as a legal certainty that the claim is really for less than the juris-

dictional amount, and accordingly, cannot rule that Plaintiffs' claim is not made in good faith.

An appropriate Order will be entered.