### In re KING RESOURCES COMPANY SECURITIES LITIGATION.

Donald J. Licker et al. v. King Resources Co. et al., D.Colorado, Civil Action No. C-3981 (N.D.Cal., C-71-882-RHS).

### No. 79.

Judicial Panel on Multidistrict Litigation.

Nov. 2, 1972.

### OPINION AND ORDER

PER CURIAM.

The above-captioned action was one of four actions brought by stock and debenture holders of King Resources Company which the Panel ordered transferred to the District of Colorado for coordinated or consolidated pretrial proceedings. In re King Resources Company Securities Litigation, 342 F.Supp. 1179 (J.P.M.L.1972). Plaintiffs in the *Licker* action have moved the Panel for remand of the Third, Fourth, Sixth and Eighth Claims set forth in their complaint (hereinafter referred to as the "broker claims") to the Northern District of California. No response to plaintiffs' motion was filed and the plaintiffs requested that the matter be submitted on the briefs. After examining plaintiffs' complaint and reviewing their brief in support of their motion, we find that plaintiffs' motion for remand of those four claims should be granted.

Plaintiffs are eight Northern California investors who allegedly suffered losses from their investments in King Resources common stock. They joined in a lawsuit filed in the Northern District of California alleging that their damages resulted from conduct by defendants which violated federal and California law. The complaint contains eight claims: Four claims (the "issuer claims") are asserted against King Resources Company and two of its officers and directors; and the other four claims (the "broker claims") are asserted

---

* Although Judges Weinfeld, Robson and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision

against a local San Francisco securities firm which offered and sold King Resources common stock to the plaintiffs. The defendants in the broker claims are alleged to have acted in concert with each other and independently of the defendants in the issuer claims.

In our earlier opinion we concluded that the issuer claims in the *Licker* action should be transferred to the District of Colorado for coordinated or consolidated pretrial proceedings along with the other stockholder and debenture holder actions concerning alleged securities law violations by King Resources and its individual officers and directors. Because our past experience with broker claims like those in *Licker* indicated that they should be coordinated with the common claims against the issuers of the securities we transferred the entire *Licker* action to Colorado. In re King Resources Securities Litigation, *supra* at 1183.

Plaintiffs in *Licker* have now advanced persuasive logic for the remand of their broker claims. These claims relate exclusively to the San Francisco brokerage firm and alleged misrepresentations and nondisclosures made by representatives of that firm. This brokerage firm and its representatives are not a party to any other consolidated action and its sales of King Resources securities were relatively small. For this reason the discovery sought by plaintiffs on the broker claims will not duplicate discovery conducted in the coordinated proceedings and will not be of interest to the other parties to the litigation. It should be noted in this connection that none of the other parties have opposed this motion for remand.

It is therefore ordered that plaintiffs' Third, Fourth, Sixth and Eighth Claims in the action *Donald J. Licker, et al. v. King Resources Co., et al.* be, and the same hereby are, remanded from the District of Colorado to the Northern District of California for further proceedings.