354 F.Supp. 278 (1973)
In re DUARTE, CALIFORNIA AIR CRASH DISASTER ON JUNE 6, 1971.
James S. Phillips, etc. v. Hughes Air Corp., D.C., Civil Action No. 118-72
No. 106.
Judicial Panel on Multidistrict Litigation.
February 1, 1973.
Before ALFRED P. MURRAH,[*] Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

*279 OPINION AND ORDER
PER CURIAM.
On June 6, 1971, a Marine Corps aircraft collided in mid-air with a Hughes Air West passenger plane and in July 1972 the Panel transferred more than 30 actions arising from that collision to the Central District of California for coordinated or consolidated pretrial proceedings. In re Duarte, California, Air Disaster Litigation, 346 F.Supp. 529 (Jud. Pan.Mult.Lit.1972). The Phillips action, brought by the parents of the Marine Corps pilot killed in the collision, was subsequently filed in the District of Columbia and was the subject of a conditional transfer order to the Central District of California, entered by the Clerk of the Panel pursuant to the Panel's Rule 12. 53 F.R.D. 119, 123 (Jud.Pan. Mult.Lit.1971). The sole defendant, Hughes Air, has expressed its opposition to the proposed transfer. On the basis of the briefs and oral argument, we order the Phillips action transferred to the Central District of California.
Hughes has moved to dismiss or to quash process in the Phillips action on the grounds that it was not doing business in the District of Columbia and that service upon it was, therefore, improper. The plaintiffs have moved for a continuance of that motion pending answers to certain interrogatories and Hughes has moved to strike those interrogatories. None of these motions has been argued before the District of Columbia court.
Hughes contends that the action should be left with the transferor court for decision of the motion to dismiss because the transferor court has a greater familiarity with the relevant laws. This argument is unconvincing. As Hughes conceded at oral argument, its motion to dismiss is clearly a pretrial motion which may appropriately be decided by the transferee court and the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges. See, e. g., In re Puerto Rico Air Disaster Litigation, 340 F.Supp. 492 (D.P.R.1972).
Hughes also argues that the Phillips action is factually different from the cases previously transferred because it arises from the death of the Marine Corps pilot rather than from the deaths of the passengers and crew on the Hughes airplane and raises the legal issues of assumption of risk and contributory negligence. While different legal issues may be raised by the Phillips complaint, we think the factual issues in the case are sufficiently common to warrant transfer for pretrial coordination or consolidation.
It is therefore ordered that the action entitled James S. Phillips, etc. v. Hughes Air Corp., District of Columbia, Civil Action No. 1108-72, be, and the same hereby is, transferred to the Central District of California and, with the permission of that court, assigned to the Honorable Peirson Hall for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the other actions pending in that district and assigned to Judge Hall.
NOTES
[*] Although Judge Murrah was not present at the hearing, he has, with the consent of all parties, participated in this decision.