385 F.Supp. 588 (1974)
In re KING RESOURCES COMPANY SECURITIES LITIGATION.
State of Ohio v. A. Rowland Boucher, S.D.Ohio, Civil Action No. C-2-74-173.
No. 79.
Judicial Panel on Multidistrict Litigation.
December 2, 1974.
Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III[*], and STANLEY A. WEIGEL, Judges of the Panel.

*589 OPINION AND ORDER
PER CURIAM.
The Panel has previously transferred all actions in this litigation to the District of Colorado and, with the consent of that court, assigned them to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring it to the District of Colorado.[2] Only defendant Boucher opposes transfer. We find that this tag-along action involves questions of fact common to the actions previously transferred to the District of Colorado and that its transfer to that district for coordinated or consolidated pretrial proceedings pursuant to Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.
This action was instituted in the Southern District of Ohio and emanates from the State of Ohio's purchase of $8 million of securities from King Resources Company in 1970. Plaintiff, the State of Ohio, alleges that defendant Boucher, as a director and the president of King Resources, was authorized to act and did act on behalf of the company in selling securities to Ohio. Plaintiff seeks rescission and damages for defendant's alleged violations of the federal securities laws.
Defendant Boucher opposes transfer of this action. He asserts that the Southern District of Ohio lacks personal jurisdiction over him and he *590 is presently seeking to quash service of process on him and to dismiss the action in Ohio. He argues that the Panel should defer ruling on the propriety of transfer of this action until the Ohio court decides his motions to quash service of process and to dismiss. Boucher agrees that if said motions are denied, transfer of this action to the District of Colorado would be most appropriate.
It is clear that the allegations contained in Ohio's complaint raise questions of fact common to those raised in some of the actions already pending in the transferee court. Thus, we perceive no reason to delay transfer of this action under Section 1407. Defendant's argument to the contrary is not persuasive because the transferee court has the power to decide defendant's motions to quash service of process and to dismiss. In re Duarte, California, Air Crash Disaster, 354 F.Supp. 278 (Jud.Pan. Mult.Lit.1973); In re Gypsum Wallboard, 302 F.Supp. 794 (Jud.Pan.Mult. Lit.1969). Indeed, such motions are clearly of a pretrial nature, which are frequently and appropriately decided by a transferee court applying the law as applied by the transferor court. In re Duarte, California, Air Crash Disaster, supra; In re Puerto Rico Air Disaster Litigation, 340 F.Supp. 492 (D.P.R. 1972).
Furthermore, a Section 1407 transfer of this action at this time to the District of Colorado will permit the transferee judge to consider defendant's motions individually or concurrently with other similar motions already before him.[3] Thus, transfer will promote judicial economy and avoid inconsistent adjudications of identical questions of fact or law presented by similar motions in related actions.
It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the action entitled State of Ohio v. A. Rowland Boucher, S.D.Ohio, Civil Action No. C-2-74-173 be, and the same hereby is transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings with the previously transferred actions.
NOTES
[*] Judge Lord was unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.
[1] In re King Resources Company Securities Litigation, 342 F.Supp. 1179 (Jud.Pan.Mult. Lit.1972).
[2] Rule 12, R.P.Jud.Pan.Mult.Lit., 53 F.R.D. 119, 123 (1971).
[3] The parties have noted in their briefs that defendant Elliot Keene Wolcott has similar motions pending in State of Ohio v. Crofters, Inc., et al., S.D.Ohio, Civil Action No. 72-138, which has been transferred to the District of Colorado and assigned to Judge Finesilver.