## In re KING RESOURCES COMPANY SECURITIES LITIGATION.

*State of Ohio v. Crofters, Inc., et al.,* D. Colorado, C.A. No. C–4628

*State of Ohio v. A. Rowland Boucher,* D. Colorado, C.A. No. 75–F–573

### No. 79.

Judicial Panel on Multidistrict Litigation.

Sept. 13, 1978.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY * and ROY W. HARPER, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel previously centralized several actions in this litigation in the District of Colorado and, with the consent of that court, assigned them to the Honorable Sherman G. Finesilver for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re King Resources Com-*

* Judge Caffrey did not participate in the decision of this matter.

*pany Securities Litigation*, 342 F.Supp. 1179, 352 F.Supp. 974, 352 F.Supp. 975 (Jud. Pan.Mult.Lit.1972); 385 F.Supp. 588 (Jud. Pan.Mult.Lit.1974).

The above-captioned actions (*Boucher* and *Crofters*) involve the State of Ohio's purchase of $8,000,000 in securities of King Resources Company and Ohio's allegations that, in connection with these purchases, Ohio relied upon certain financial statements of King Resources which deliberately and materially misstated King Resources' financial condition. Both actions are brought under the federal securities laws. In *Boucher*, Ohio alleges that Boucher, as a director and the president of King Resources, was authorized to and did act on behalf of the company in selling securities to Ohio. *See In re King Resources Co., supra*, 385 F.Supp. at 589. In *Crofters*, Ohio alleges that a variety of defendants disseminated the misleading information. *See In re King Resources Co., supra*, 352 F.Supp. 975, 976. In late 1975, Judge Finesilver denied Ohio's motion to consolidate *Crofters* and *Boucher*.

In early 1978, Judge Finesilver afforded all parties in these two actions the opportunity to show cause why these two actions should not be remanded to the Southern District of Ohio. Before Judge Finesilver, only plaintiff Ohio opposed remand. In connection with the position it took before Judge Finesilver, Ohio moved, pursuant to 28 U.S.C. § 1404(a), to transfer *Crofters* and *Boucher* from the Southern District of Ohio to the District of Colorado for all purposes. Judge Finesilver has denied Ohio's Section 1404(a) motion. *In re King Resources Company Securities Litigation*, MDL–79 (D.Colo., filed May 9, 1978). In addition, Judge Finesilver has suggested to the Panel that *Crofters* and *Boucher* are appropriate for remand, stating in part as follows:

> Pretrial proceedings in *State of Ohio v. Crofters* have been completed. Pretrial procedures in *State of Ohio v. Boucher* have not been completed. However, the

*Boucher* case is a simple action against a single defendant. Discovery in *Boucher* has, for the most part, been completed in conjunction with *State of Ohio v. Crofters*. The advantages which were contemplated in the transfer of *State of Ohio v. Boucher* to this court under 28 U.S.C. § 1407 no longer exist and this judge sees his role as a transferee judge at an end.

*In re King Resources Company Securities Litigation*, MDL–79, slip op. at 2 (D.Colo., filed May 10, 1978).

In the transferee district, only *Boucher* and *Crofters* are still pending before Judge Finesilver. With one exception,[1] the other actions in this litigation have either been terminated or remanded to the transferor district.

On May 26, 1978, the Panel issued an order to show cause why *Crofters* and *Boucher* should not be remanded, pursuant to Section 1407, to the Southern District of Ohio. Ohio again opposes remand of these two actions. Dun & Bradstreet, Inc. and Arthur Andersen & Co. (Arthur Andersen), defendants in *Crofters*, favor remand of *Crofters* and take no position concerning remand of *Boucher*.

■ We find that remand of *Boucher* and *Crofters* is appropriate at this time and, accordingly, we order them remanded to the Southern District of Ohio.

In opposing remand of *Boucher*, Ohio emphasizes that pretrial proceedings in that action have not been completed. A motion to dismiss based upon an alleged lack of jurisdiction remains pending in the transferee court, defendant Boucher has not yet answered the complaint, and further discovery in *Boucher* is required, Ohio states. While additional discovery need not be extensive or protracted, this discovery and other pretrial proceedings in *Boucher*, including the preparation of a final pretrial order, can most efficiently be conducted in the District of Colorado, Ohio maintains, because Judge Finesilver, through his su-

---

1. This action, *State of Ohio v. Peterson, Lowry, Rall, Barder & Ross, et al.,* D. Colorado, C.A. No. 76–992, was dismissed by Judge Finesilver and that order of dismissal is now on appeal in the Court of Appeals for the Tenth Circuit.

pervision of pretrial proceedings in the actions in this litigation and preparation of a final pretrial order in *Crofters*, has developed a detailed familiarity with the legal and factual issues involved in *Boucher.*

In support of its argument that remand of *Crofters* is inappropriate at this time, Ohio states that Arthur Andersen recently filed a petition for a writ of certiorari in the United States Supreme Court seeking review of a judgment of the Court of Appeals for the Tenth Circuit affirming an order by Judge Finesilver in *Crofters* that imposed sanctions against Arthur Andersen for disobedience of certain discovery orders. *State of Ohio v. Crofters Inc., et al.,* 75 F.R.D. 12 (D.Colo.1977), *aff'd sub nom., State of Ohio v. Arthur Andersen Co.,* 570 F.2d 1370 (10th Cir. 1978). Ohio argues that if the writ is issued, trial in *Crofters* would be delayed pending the Supreme Court's review, and, in the event of remand by the Court for reconsideration or further findings regarding the matters Arthur Andersen raises in its petition, *Crofters* would have to be retransferred to the District of Colorado. Accordingly, Ohio urges that remand of *Crofters* and *Boucher* should await, at the least, a ruling by the Supreme Court on Arthur Andersen's petition. Ohio stresses that this delay would not be detrimental since in the interim the remaining pretrial proceedings could be completed in *Boucher*, thus enabling both actions to be ready for trial upon their remand to the Southern District of Ohio.

█ In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of an action is appropriate. *See, e. g., In re Evergreen Valley Project Litigation,* 435 F.Supp. 923, 924 (J.P.M.L.1977). The transferee judge has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings under Section 1407, and his suggestion of remand to the Panel demonstrates that he perceives his role under Section 1407 to have ended. *See id.; In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254, 256 (J.P.M.L.

1976). In adopting Judge Finesilver's recommendation, we stress that all parties were afforded an opportunity fully to present their views on this matter in the transferee district and Judge Finesilver has given this matter detailed consideration. We note that Judge Finesilver expressly rejected Ohio's argument that he is uniquely qualified to preside over the completion of pretrial proceedings in *Boucher.* In his May 9, 1978 order denying Ohio's motion pursuant to Section 1404(a) to transfer *Crofters* and *Boucher* to the District of Colorado, *supra*, Judge Finesilver stated as follows (slip op. at 5):

> Neither is it of importance that this court has some familiarity with *State of Ohio v. Crofters.* The Southern District [of Ohio] and the Sixth Circuit Court of Appeals have encountered the King Resources Company situation in other related litigation and are not unfamiliar with the general factual scheme or the particular aspects of securities fraud alleged here.

We do not agree with Ohio's argument that the Panel should defer its decision concerning remand of *Crofters* because of Arthur Andersen's petition for a writ of certiorari. Should the Supreme Court deny this petition, deferral of remand pursuant to Section 1407 would have needlessly delayed final resolution of *Crofters.* On the other hand, should the Court grant the petition and render a decision on the issues presented in the petition, we are confident that, if necessary, communication and cooperation among the appropriate courts, coupled with the cooperation of the parties in *Crofters*, would be sufficient to carry out the Court's decision.

IT IS THEREFORE ORDERED that the actions captioned *State of Ohio v. Crofters,* D. Colorado, C.A. No. C–4628, and *State of Ohio v. A. Rowland Boucher,* D. Colorado, C.A. No. 75–F–573, be, and the same hereby are, remanded to the Southern District of Ohio.