Willie E. O. BANKS, Plaintiff,

v.

CURTIS CANDY COMPANY, Standard Brands, Inc., Defendants.

No. 81 Civ. 5632.

United States District Court, S. D. New York.

Feb. 17, 1982.

Willie E. O. Banks, pro se.

Joseph Messina, New York City, for defendants.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a prisoner confined to the Odom Correctional Institute in North Carolina, appearing pro se, commenced this action against Curtis Candy Company and Standard Brands, Inc. He alleges that he purchased a Curtis Baby Ruth (a chocolate bar allegedly manufactured and distributed by defendants) in the canteen at his place of confinement; that when he bit into it his tooth hit a hard piece of wood; that he then sustained a sharp pain; that ever since he needs medication for toothaches and has not been able to eat on the left side of his mouth; and that he has constant pain in his mouth and head. Evidently he asserts common law negligence and product liability claims. Plaintiff requests $500,000 actual damages and $750,000 punitive damages, a total of $1,250,000. Jurisdiction is based upon diversity of citizenship, the plaintiff alleging North Carolina, the place of his confinement, as the state of his domicile. Plaintiff further alleges the defendants are licensed and do business in New York and other states, but he does not know the state in which they are incorporated.

The defendants move to dismiss upon the ground that although the ad dam-

num clause is in excess of $10,000, nowhere in the body of the complaint does the plaintiff allege that the value of his claim is in excess of $10,000. This is a hypertechnical and specious plea. This pro se plaintiff has made it clear within the four corners of his complaint that upon the claims advanced he seeks a sum in excess of $10,000. The defendants suggest lack of jurisdiction because it appears to a legal certainty that the jurisdictional minimal amount of $10,-000 cannot be recovered upon a trial on the merits.[1] Under the approach by our Court of Appeals which followed the Third Circuit concept enunciated in *Wade v. Rogala*,[2] plaintiff's complaint withstands dismissal based upon a claim of failure to meet the jurisdictional minimal amount. Thus, in *Deutsch v. Hewes Street Realty Corp.*,[3] our court stated:

> The approach represented by *Wade v. Rogala*, supra, seems preferable for several reasons. First, we are impressed by the argument that to allow a district court judge to value a plaintiff's claim in a case which involves a demand for unliquidated damages and in which the jurisdictional issue is inextricably bound up with the merits of the controversy is tantamount to depriving the plaintiff of his present statutory right to a jury trial. See also, Wright, Federal Courts 95 (1963). Second, it should be apparent that within the present statutory framework there can be no brightline solution to this problem. The choice is essentially between a rule on the one hand that allows some cases involving inflated claims for relief to be brought in a federal forum in order to insure access to that forum for all those cases that properly may be brought there, and, on the other hand, a rule that closes the doors to the federal forum in the face of some claims that properly could be brought there in

order to insure the denial of the forum to cases involving inflated claims. The present statutory pattern requires that we choose between these alternatives, we feel the wiser choice is to choose the former and more liberal rule, as typified by the decision in *Wade v. Rogala*, supra. If access to federal district courts is to be further limited it should be done by statute and not by court decisions that permit a district court judge to prejudge the monetary value of an unliquidated claim.

The motion to dismiss for lack of subject matter jurisdiction based upon the alleged lack of minimal jurisdictional sum is denied.

■ The defendants also move to dismiss the complaint upon the ground that it does not appear they are citizens of the State of New York. Essentially, the claim is that in order for the requisite diversity jurisdiction to exist under 28 U.S.C., section 1332, it must appear upon plaintiff's allegations that the defendants maintain their principal place of business in New York. However, the affidavit states that Standard Brands, Inc., of which Curtis Candy is a subdivision, has its corporate headquarters in this district but they will be transferred to New Jersey during 1982. Defendants contend that in determining what constitutes their "principal place of business," the standard is not the "nerve center test" enunciated by this Court in *Scot Typewriter Co. v. Underwood Corp.*[4] which places predominant emphasis on the locus of the executive functions of the corporation, but rather the center of its production or service activities.[5] This Court is of the view that the statements set forth in the affidavit justify the application of the *Scot Typewriter* concept. In this circumstance, diversity jurisdiction exists; moreover, even if New York was not its principal place of business, it appears upon defendants' own papers that it is incorporated in the State of Delaware, and

1. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *see also Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961).

2. 270 F.2d 280 (3d Cir. 1959).

3. 359 F.2d 96, 99–100 (2d Cir. 1966).

4. 170 F.Supp. 862, 864–65 (S.D.N.Y.1959).

5. *Kelly v. United States Steel Corp.*, 284 F.2d 850, 854 (3d Cir. 1960).

there is no allegation that its principal place of business is North Carolina, in which event, diversity jurisdiction exists. Accordingly, the motion is denied.

■ Finally, the defendants alternatively move for a change of venue pursuant to 28 U.S.C., section 1404(a). Tested by the applicable criteria set forth in *Schneider v. Sears*,[6] the motion is granted. Every essential matter relating to plaintiff's claim, every witness, whether plaintiff himself, other inmates or guards, and every document, is located at plaintiff's place of confinement, Odom Correctional Institute in Jackson, North Carolina. There is no single witness, or any single factor that has a situs, in this District. The action is transferred to the United States District Court for the Eastern District of North Carolina.

So ordered.

---

**6.** 265 F.Supp. 257, 263 (S.D.N.Y.1967).