**Hong C. KRY, Plaintiff,**

v.

**Gregor M. POLESCHUK and Gregor Poleschuk, Defendants.**

No. 94 Civ. 3181 (WCC).

United States District Court, S.D. New York.

Aug. 3, 1995.

Pinney, Payne, Vanlenten, Burrell, Wolfe & Dillman, P.C., Danbury, CT (Christopher G. Winans, of counsel), for plaintiff.

Williamson & Williamson, P.C., New York City (Walter Williamson, of counsel), for defendants.

### OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff, a resident of Connecticut, brings this action against Gregor M. Poleschuk and Gregor Poleschuk, residents of Pennsylvania, for personal injuries he sustained in an automobile accident. Defendants have moved to dismiss the action for lack of subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ. P., for failing to allege an amount in controversy in excess of $50,000 as required to sustain jurisdiction under 28 U.S.C. § 1332(a). For the reasons stated below, we deny defendants' motion.

### BACKGROUND

Plaintiff Hong C. Kry was involved in an automobile accident on June 17, 1992 when defendant Gregor M. Poleschuk made a sudden, left-hand turn in front of his Toyota van. As a result, plaintiff allegedly suffered various injuries to his back, arms, elbows, and left ankle. He allegedly missed at least three days of work and received medical attention from the date of the accident through January, 1993, including physical therapy. Although his arms, elbows, and left ankle have fully healed, plaintiff still complains of soreness in his neck.

After this case was transferred to us from Judge Broderick's docket, we held a conference on April 17, 1995 to review the case, discuss the possibility of settlement, and, if necessary, set a discovery schedule and a trial date. At the conference, plaintiff revealed that his treating physician had determined that he had only a 10% permanent impairment and loss of physical function to his neck. Although this disability did not affect his range of head motion, it resulted in persistent soreness to his neck and upper

spine. Skeptical that plaintiff had alleged sufficient damages to meet the $50,000 requirement of diversity jurisdiction under 28 U.S.C. § 1332(a), we invited defendants to submit a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R.Civ.P., which is now before the Court.

## DISCUSSION

The parties agree that the jurisdiction of this Court hinges on 28 U.S.C. § 1332(a) which provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between . . . citizens of different States. . . .

In determining our jurisdiction under that statute, the Supreme Court has made clear that we must rely on the amount claimed in the complaint as dispositive, unless it appears that that amount is not recoverable in good faith. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). We may only dismiss the complaint if, to a legal certainty, plaintiff's allegations do not support a recovery in excess of the jurisdictional minimum. *Id.* Moreover, we must assess the amount in controversy at the time the action is commenced, without regard to the merits of the claims or defenses, and without regard to subsequent events which bring the amount in controversy below the jurisdictional requirement. *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir.1982); *AFA Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991). On the other hand, although the allegations in the complaint control for purposes of § 1332(a), facts developed during discovery may be used to modify the meaning of those allegations. *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir.1994); *Zacharia*, 684 F.2d at 202; *Hough v. Merrill Lynch, Pierce, Fenner & Smith*, 757 F.Supp. 283, 285 (S.D.N.Y.), *aff'd*, 946 F.2d 883 (2d Cir.1991).

In the complaint, filed on May 2, 1994, plaintiff alleges that he suffered "severe cervical and lumbar strain; permanent impairment and loss of physical function to the neck; strain to both arms and elbows and right trapezius; left ankle sprain; aggravation of pre-existing conditions; and a severe shock to his nervous system." Complaint, at ¶ 13. Moreover, as a result of these injuries plaintiff claims that he has suffered and will continue to suffer physical pain and anguish, and that he has incurred and will continue to incur expenses for medical care and treatment. *Id.* at ¶¶ 14–16. Finally, plaintiff claims the injuries have prevented him from working for unspecified periods of time. Plaintiff seeks money damages "in excess of $50,000." *Id.* at 7.

In response to this motion, plaintiff has offered only a report of his treating physician, dated December 11, 1992, indicating that all of his injuries have fully healed except for a severe strain to the cervical spine, which "will leave him with a residual strain and a 10% permanent impairment and loss of physical function to the neck." Objection to Defendants' Motion to Dismiss, Exhibit, at 2. The report also indicates that plaintiff had missed only three days of work due to his injuries. Plaintiff did not submit any evidence regarding his medical/therapeutical expenses or his lost wages.

While we are not permitted to try the merits of plaintiff's damage claims outlined in the complaint on this motion, we can rely on the report submitted by plaintiff in evaluating the allegations contained therein. This report clearly indicates that plaintiff's only permanent injury is a 10% loss of neck function. If plaintiff based his recovery solely on compensation for this injury, his failure to sustain the amount in controversy would approach a legal certainty. However, in addition, plaintiff has alleged an unquantified amount of damages for pain and suffering from all of his injuries. Although most of plaintiff's injuries have apparently now healed, plaintiff's medical records indicate that as recently as January, 1993 plaintiff's neck pain was persistent and potentially aggravated by the prolonged sitting his job

required in performing computer work. Affidavit of Walter Williamson, at Exhibit D.

In *Deutsch v. Hewes Street Realty Corp.*, 359 F.2d 96 (2d Cir.1966), the Second Circuit noted the difficulties of articulating clear jurisdictional principles in the face of unliquidated damages. Exploring conflicting contemporary rules from other circuits, the court opted for the more liberal jurisdictional standard espoused by the Third Circuit in *Wade v. Rogala*, 270 F.2d 280 (3d Cir.1959). *Deutsch*, 359 F.2d at 98–99. That rule stated that:

> when unliquidated damages are sought, the district court, except in flagrant cases, should permit the case to proceed rather than attempt to decide the jurisdictional issue in a way that may deprive the claimant of the ordinary incidents of a trial.

*Id.*, at 99.

The court adopted the *Wade* rule based primarily on two factors. First, the court felt that "to allow a district court judge to value a plaintiff's claim in a case which involves a demand for unliquidated damages and in which the jurisdictional issue is inextricably bound up with the merits of the controversy is tantamount to depriving the plaintiff of his present statutory right to a jury trial." *Id.* Second, lacking a bright-line rule, the court felt that erring on the side of upholding jurisdiction was a "wiser choice." *Id.* Interestingly, in applying this standard the court reversed the district court's dismissal despite a finding by that court that " 'in the remote unlikely possibility that a jury would return a verdict in the amount of $10,000 or more, the court in good conscience would be required to set it aside.' " *Id.* at 98.

While *Deutsch* applied § 1332 when the jurisdictional amount was only $10,000, we think that its principles, which have been affirmed more recently in *Tongkook*, 14 F.3d at 785, are equally applicable under the current $50,000 jurisdictional requirement. Therefore, given the presence of unliquidated damages in the instant case, although a recovery in excess of $50,000 might arguably be excessive, we cannot say to a legal certainty that plaintiff has not alleged damages totalling the jurisdictional minimum. *See*

*Rosenboro v. Kim*, 994 F.2d 13, 18 (D.C.Cir. 1993) (refusing to dismiss claim in light of pain and suffering from back injury that affected ability to work). The amount to which plaintiff is entitled for his past and continuing pain and suffering is an issue of fact within the province of the jury.

In support of their motion, defendants have submitted the affidavit of their attorney, who received a M.D. degree from New York University School of Medicine. In essence, he interprets plaintiff's medical records, as distinguished from the report submitted pursuant to this motion, to conclude that plaintiff's injuries are not sufficient to sustain a recovery in excess of $50,000. Those records indicate that plaintiff sustained "no significant injury," and was left with a "completely negative" physical examination, a full range of motion, and no disability whatsoever. Affidavit of Walter Williamson, at ¶ 21.

We are mindful that plaintiff may not ultimately recover an amount in excess of the jurisdictional minimum. However, we must reiterate that we are not permitted to evaluate the merits of plaintiff's claims on this motion. No matter how persuasive defendants' attorney's interpretation of plaintiff's physical condition may be to a jury, we cannot weigh the facts in determining the amount in controversy. Instead, we may only dismiss plaintiff's complaint if he fails to allege a good faith recovery sufficient to meet the demands of § 1332(a). We cannot say, to a legal certainty, that plaintiff has failed to meet that burden. Therefore, we must deny defendants' motion.

### CONCLUSION

Because plaintiff has alleged an amount in controversy which may, in good faith, exceed $50,000, we deny defendants' motion to dismiss the action for lack of subject matter jurisdiction.

SO ORDERED.