**John J. TISING, Plaintiff,**

v.

**Ray FLANAGAN, an Individual, Defendant.**

**Civ. A. No. 72–C–292.**

United States District Court, E. D. Wisconsin.

July 18, 1973.

Michael P. Stupar, Milwaukee, Wis., for plaintiff.

Tod O. Daniel, Janesville, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff claims to be a holder in due course of certain notes which defendant has failed to pay. The question before the court is whether subject matter jurisdiction exists, specifically whether the jurisdictional amount requirement of 28 U.S.C. § 1332 is satisfied.

In May 1972, when the complaint was filed, plaintiff in good faith believed that defendant Flanagan had defaulted on two notes, one in the amount of $7,500 and the other for $11,000. Thus, the complaint on its face contained a claim in excess of $10,000, aggregation being allowed when two claims are brought against a single defendant. Rule 18, Federal Rules of Civil Procedure. Upon receiving the answers of the defendants and conferring with his client further, plaintiff's attorney discovered that the $11,000 note had in fact been fully paid. During a status

284

conference I suggested that the plaintiff dismiss the federal action voluntarily for lack of jurisdiction, which he has moved to do. Defendant Flanagan, having filed a counterclaim, has objected. On reflection, after studying the briefs of counsel, I believe that my suggestion was in error and that this court does have jurisdiction.

 Since the amount in controversy requirement was created, it has been implemented by courts to avoid any need for a preliminary trial on the merits. A related goal has been to avoid wasting judicial energy by insuring that new information bearing on claims or defenses will not destroy jurisdiction. A resulting rule was that the amount in controversy would be measured as of the time the action comes to the federal court. Another rule was that the jurisdictional amount would ordinarily be determined from the face of the complaint. True, the defendant may destroy jurisdiction by showing that the amount claimed is not claimed in good faith or by showing to a legal certainty that the amount claimed cannot be recovered. But resort is to the facts in the complaint and to the law, not to new facts or defenses.

In light of these considerations plaintiff's discovery of new information and the subsequent reduction of his claim does not affect jurisdiction. Plaintiff's original complaint was made in good faith. Had defendant attacked it for insufficient amount in controversy, I could not have ruled to a legal certainty that more than $10,000 would not be recovered. The reduction has sprung not from any previously undiscovered rule of law but from new information bearing on a defense.

Past cases strongly support the view taken here. See cases cited Wright, Law of Federal Courts, § 33 n. 3 (2d ed. 1963). Were this action begun in state court and removed here, the issue would have been beyond dispute. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938); Morris v. Prefabrication Engineering Co., 181 F.2d 23 (5th Cir. 1950); Service Finance Corp. v. Coppard, 116 F.2d 488 (5th Cir. 1940); DeLorenzo v. Federal Deposit Insurance Corp., 259 F.Supp. 193 (S.D.N.Y.1968).

Since plaintiff wishes to continue this case if jurisdiction exists, the other issues raised by the litigants need not be considered.

It is therefore ordered that plaintiff's motion for a voluntary dismissal of the action be and it hereby is denied.