MARYLAND NATIONAL BANK,

v.

John NOLAN, et al.

Civ. No. Y-86-2649.

United States District Court,
D. Maryland.

Aug. 6, 1987.

David S. Musgrave and Richard M. Kremen, Baltimore, Md., for plaintiff.

John Nolan and Alice Nolan, pro se.

Delverne A. Dressel and Ronald M. Spritzer, Baltimore, Md., for defendant Kenyon-Peck Inc.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Maryland National Bank sued John Nolan, Alice Nolan and Kenyon-Peck, Inc., t/a Bob Peck Chevrolet, to collect a debt. The complaint asserts diversity of citizenship as the basis for federal jurisdiction. Defend-ant Kenyon-Peck, Inc. has moved to dismiss pursuant to Rule 12(b)(1), Fed.R. Civ.P., on the ground that the amount in controversy does not exceed $10,000, exclusive of interest and costs. For the reasons stated below, the motion will be granted.

Plaintiff filed its original complaint on August 25, 1986, alleging that John and Alice Nolan were in default under a vehicle lease, and that Bob Peck Chevrolet was also liable for the debt because it allegedly accepted the leased vehicle from the Nolans and resold it. The complaint stated that as of May 7, 1986, the defendants owed $13,818.62 under the lease, plus $2,072.79 in attorney's fees, for a total amount due of $15,891.41. Complaint at ¶¶ 9, 10. The complaint does not indicate the fact that the Bank actually repossessed and then sold the vehicle on August 2, 1986, and the $6,233 proceeds reduced the debt owing to $9,658.41.

District courts have original jurisdiction of civil diversity actions where the matter in controversy exceeds $10,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff admits that the Bank sold the leased vehicle before the complaint was filed. However, plaintiff argues that the proceeds were not posted to the appropriate account until August 26, 1986 because payment was not made in certified funds; that plaintiff failed to inform its counsel of the sale until September 1986; and that counsel filed the complaint on August 25th with the good faith belief that the amount in controversy exceeded $10,000.

The amount in controversy is determined as of the time an action is commenced in federal court. *Nationwide Mutual Fire Ins. Co. v. T & D Cottage Auto Parts*, 705 F.2d 685 (3d Cir.1983). Plaintiff cites several cases for the proposition that when a complainant in good faith claims a sum in excess of $10,000, subsequent developments that reduce the claim below that amount will not oust jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 590–91, 82 L.Ed. 845 (1938); *Nationwide, supra*, 705 F.2d at 687; *Tising v. Flanagan*, 360 F.Supp. 283, 284 (E.D.Wis.1973)

("[t]he reduction has sprung ... from new information bearing on a defense"). However, those cases turned on the principle that events which occurred or new information that developed *subsequent* to the filing would not defeat jurisdiction.

In the instant case, plaintiff knew, or should have known, before the complaint was filed that proceeds from the vehicle sale had reduced the claim to $9,658.41. Indeed, before any defendant filed an answer, plaintiff submitted an amended complaint acknowledging that the sale had occurred on August 2, 1986, and that the buyer paid for the car on August 5, 1986. Exhibit 3 to defendant's motion to dismiss demonstrates that the auctioneer gave plaintiff a check dated August 6, 1986. Plaintiff's alleged good faith in claiming more than $10,000 in the complaint does not establish jurisdiction where "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." *Saint Paul Mercury Indemnity Co., supra,* 303 U.S. at 288, 58 S.Ct. at 590; *Wiggins v. North American Equit. Life Assur. Co.,* 644 F.2d 1014, 1017 (4th Cir.1981).

Failure to meet the jurisdictional amount need not be apparent from the face of the pleadings. If "from the proofs, the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount, ... the suit will be dismissed." *Saint Paul Mercury Indemnity Co.,* 303 U.S. at 289, 58 S.Ct. at 590. *Accord Jimenez Puig v. Avis Rent-a-Car,* 574 F.2d 37, 39 (1st Cir.1978) ("proofs" adduced at trial conclusively showed that there was never $10,000 in controversy and that the district court for that reason lacked diversity jurisdiction); *American Mutual Liab. Ins. Co. v. Campbell Lumber Mfg. Corp.,* 329 F.Supp. 1283, 1285 (N.D.Ga.1971). In the instant case, the exhibits attached to plaintiff's amended complaint and to the memoranda supporting and opposing the motion to dismiss demonstrate to a legal certainty that when the complaint was filed, the matter in controversy did not satisfy the jurisdictional amount.

Plaintiff now attempts to push the matter in controversy above $10,000 by claiming additional "handling charges" that were never mentioned in the complaint, amended complaint, or second amended complaint. Plaintiff contends that at the time of sale, which plaintiff marks as August 5, 1986, handling charges of 2% per month for June and July had accrued. Thus, plaintiff now claims, as of the date of sale, defendants owed $10,294.07 ($9,658.41 plus $635.66 handling charges).

Paragraph 16 of the lease agreement defines handling charges as 2% per month of the total cost of terminating the lease early, "if that sum is not paid within 5 days after it is established." In other words, handling charges represent an interest charge. *See* Exhibit 4 to defendant's reply memorandum. Plaintiff now contends that this interest should be included in the claim for damages because it was not a mere incident or accessory to the principal amount demanded, but was an integral part of the aggregate amount of damages claimed. *See Brown v. Webster,* 156 U.S. 328, 330, 15 S.Ct. 377, 39 L.Ed. 440 (1895); *Brainin v. Melikian,* 396 F.2d 153, 155 (3d Cir.1968).

The rule that interest may be used to satisfy the jurisdictional amount if it constitutes an integral part of the damages has been explained as follows:

The apparent purpose of excluding interest in computing the jurisdictional amount is to prevent plaintiff from delaying suit until the claim, with accruing interest, exceeds the statutory minimum. Thus, interest uniformly is excluded under the rule of Brown v. Webster, if it is only incidental to the claim plaintiff is asserting or *if it arises solely by virtue of delay in payment.* Interest is not excluded, however, if it is itself the basis of the suit. Thus, when plaintiff is suing to collect on bond coupons, the coupons are the matter in controversy, even though in a sense they represent "interest." Interest on the coupons themselves, or on the bond, accruing after the maturity of either is a different matter, however, and is excluded in "interest" in computing the amount in controversy.

14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3712 (1985) (emphasis added).

The "handling charges" which plaintiff now seeks to append to its damages claim arise solely by virtue of delay in payment. Plaintiff apparently recognized that fact when it initially filed suit and did not include the handling charges in its detailed description of claimed damages. Now that plaintiff cannot deny that its claim falls below the jurisdictional amount, it seeks to retroactively amend its complaint to assert this interest penalty.

The Court is frankly dismayed at the manner in which plaintiff has handled this case. First, plaintiff knew at the time the complaint was filed that the vehicle at issue had been repossessed and sold. When plaintiff's counsel became aware of that, he should have voluntarily dismissed the action for lack of subject matter jurisdiction. Instead, counsel filed stacks of pleadings for summary judgment and in opposition to defendant's motion to dismiss. Moreover, plaintiff belatedly asserted "handling charges" as damages in a desperate attempt to create federal jurisdiction. These interest charges arise solely from delay in payment, thus this Court does not find them to be an integral part of the damages claimed.

Plaintiff's complaint is hereby dismissed for lack of subject matter jurisdiction because less than the jurisdictional amount was in controversy when plaintiff initiated suit. Rule 12(b)(1), Fed.R.Civ.P. In addition, the Court has assessed attorney's fees against plaintiff by a separate order.

### ORDER

The motion of defendant Kenyon-Peck, Inc. for attorney's fees having been read and considered, for the reasons stated in the Memorandum Opinion granting the motion to dismiss, it is this 6th day of August, 1987, by the United States District Court for the District of Maryland, ORDERED:

That attorney's fees in the amount of $3,000.00 be assessed against Maryland National Bank, payable to Ronald M. Spritzer, attorney for defendant Kenyon-Peck, Inc.