R. GUY COLE, JR., Circuit Judge,
concurring.
I concur only in the judgment of the majority’s opinion affirming the district court’s denial of DIBCO’s motion to intervene as of right pursuant to Fed.R.Civ.P. 24(a)(2). I would affirm the denial of DIB-CO’s motion to intervene on the ground that the district court did not abuse its discretion in finding that DIBCO’s motion pursuant to Fed.R.Civ.P. 24(a)(2) was untimely.
The majority opinion fails to reach the Rule 24(a)(2) factors and instead concludes that DIBCO’s motion to intervene as of right was properly denied because the dis *309 trict court lacked jurisdiction to hear DIB-CO’s “underlying claim.” The majority opinion, however, fails to take into account the fact that DIBCO asserted two grounds for intervention, the first concerning (and seeking a declaratory judgment concerning) its duty to reimburse the Government for the settlement of the Commodities condemnation pursuant to the MOA, and the second concerning the reasonableness of the settlement amount agreed to between the Government and the Commodities defendants. In other words, because DIB-CO faces being the de facto remunerator for the properties, it sought to intervene in order for the district court to adjudge (1) whether or not it was liable as such a remunerator pursuant to the MOA and (2) whether the $14.9 million settlement agreed upon between the Government and the defendants was reasonable.
In grounding its decision concerning a motion to intervene as of right in questions of independent jurisdiction, the majority turns a blind eye to the longstanding principle that intervention as of right pursuant to Rule 24(a)(2) requires no independent ground of jurisdiction to support the applicant’s claim. 32A Am.Jur.2d Federal Courts § 700 (2003); James Wm. Moore et al., 6 Moore’s Federal Practice § 24.22 (3rd ed.1998); Charles Alan Wright et al., Federal Practice and Procedure § 1917 (2nd ed.1986); see also International Paper Co. v. Inhabitants of Town Jay, Me., 887 F.2d 338, 346 (1st Cir.1989) (parties entitled to intervention as of right fall within a federal court’s ancillary jurisdiction; no independent basis of jurisdiction is necessary); Curtis v. Sears, Roebuck & Co., 754 F.2d 781 (8th Cir.1985) (same). Only where intervention is permissive, pursuant to Rule 24(b), must independent jurisdictional grounds be shown. Moore’s Federal Practice § 24.22 (3rd ed.1998). But intervenors as of right — the category in which DIBCO claims to belong — -need not show independent jurisdictional grounds because the court has supplemental jurisdiction over their claims. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 376 n. 18, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). It is unclear why the majority forgoes an analysis under Rule 24(a)(2). Moreover, our circuit has never dismissed a case pursuant to Rule 24(a)(2) for lack of an independent basis for jurisdiction — indeed, it seems that no federal court of appeals has ever done so.
Jurisdiction to hear claims by interve-nors of right depends only upon the court’s jurisdiction to hear the primary, underlying action and the terms of supplemental jurisdiction set forth in 28 U.S.C. § 1367. DIBCO easily satisfies that standard here: as the potential remunerator for the property at issue, its claims are “so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.” 28 U.S.C. § 1367. There is no dispute that the district court had jurisdiction to hear the action between the United States and the Commodities defendants. Accordingly, the “inquiry into the substantiality of the claimed interest” by DIBCO “is necessarily fact specific” and tied only to the factors enumerated in Rule 24(a)(2), that is, the extent of DIBCO’s interest in the subject of the action and the extent to which not intervening may impair or impede DIB-CO’s ability to protect that interest. Id.
Not only does the majority opinion erroneously conclude that DIBCO was required to demonstrate an independent basis for jurisdiction in order to intervene pursuant to Rule 24(a)(2), but it also grounds that conclusion in a theory of sovereign immunity that runs contrary to legal authority. The majority concludes that “[n]o statute waives the United States’ sovereign immunity from contract claims for declaratory or injunctive relief *310 in district court.” Yet as a general proposition, irrespective of a statutory provision waiving sovereign immunity, the “government consents to be sued ... by those with whom it has privity of contract.” First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed.Cir.1999) (quoting Erickson Air Crane Co. of Wash. v. U.S., 731 F.2d 810, 813 (Fed.Cir.1984)). DIBCO was in privity of contract with the Government by virtue of the MOA and, as such, our circuit recognizes that a district court would have jurisdiction over such an action for equitable or injunctive relief. See Veda, Inc. v. United States, 111 F.3d 37 (6th Cir.1997). At the very least, the privity-of-contract question follows, rather than precedes, the Rule 24(a)(2) determination.
Even if the Government had not waived its sovereign immunity, DIBCO would still be permitted to intervene because DIB-CO’s attempt to have its voice heard with respect to the settlement amount is not a counterclaim at all. The- district court would have jurisdiction to entertain DIB-CO’s concerns relating to the reasonableness of the settlement amount in the same way that it would have jurisdiction to entertain objections by the Commodities defendants concerning the reasonableness of the settlement amount.
The majority opinion also errs in its Rule 71(A) analysis. The majority concludes that DIBCO has failed to assert an “objection” to the amount of the settlement. However, DIBCO’s objection to the settlement amount and its attempt to have a voice in the settlement’s ultimate value is the explicit basis for its motion to intervene. Furthermore, the majority opinion’s conclusion that district courts lack jurisdiction to determine anything other than the condemnor and condemnee’s interests in a condemnation action has no support in the law of our circuit or in the plain language of Rule 71(A)(e). To the contrary, it is recognized that Rule 71A(e)is not exhaustive of all parties who might become defendants in a condemnation proceeding: “Since there is no provision in Rule 71A for intervention, Rule 24’s standard governs.” 13 Moore’s Federal Practice § 71A.04[2][b] (3rd ed.1998). Moreover, Rule 71(A)(e) is not a jurisdictional bar to the district court’s consideration of the intervention motion and the majority opinion fails to present any binding authority or legal reasoning otherwise. Although case law may support the proposition that only condemnees may be compensated pursuant to a condemnation action, there is no legal authority barring a party’s intervention as a defendant where, as is the case here, a proposed defendant-interve-nor has a legitimate basis for objecting to the settlement amount.
Indeed, the only authority the majority cites for its proposition that only condem-nors or condemnees may intervene as defendants in condemnation proceedings is United States v. Banisadr Bldg. Joint Venture, 65 F.3d 374, 380 (4th Cir.1995). Not only is Banisadr not binding upon this Court, but the Fourth Circuit itself conceded (in the very passage referred to by the majority) that the case law on which it relied was “sparse” and only “suggest[edj” that a contract claim could not be asserted in a motion to intervene in a condemnation proceeding. Id. Indeed, the case law upon which the Fourth Circuit itself relied was a lone district court opinion from 1977. Finally, it is worthwhile to note that no subsequent Fourth Circuit panel, district court, or other federal court of appeals has ever cited Banisadr for the proposition for which the majority now invokes it as decisive legal support for its novel conclusions.
Here, the Government and the Commodities defendants intend to settle for $14.9 million — an amount for which the *311 Government may seek to hold DIBCO liable. Even though DIBCO seeks no compensation, it could appropriately intervene as a defendant to challenge the settlement amount for which it might be responsible, so long as it satisfies the requirements for intervention set forth in Rule 24(a)(2). A case such as this one, however rare it may be, is paradigmatic of an appropriate instance in which to permit a party to intervene as a defendant in a condemnation proceeding where that party is not a eon-demnee.
Having determined that independent jurisdiction is immaterial to our consideration of DIBCO’s motion to intervene as of right, I turn now to the relevant analysis pursuant to Fed.R.Civ.P. 24(a)(2). In order to intervene as of right pursuant to Rule 24(a)(2), DIBCO had to establish: (1) the timeliness of its application to intervene; (2) a substantial legal interest in the Commodities/Lubienski condemnation cases; (3) impairment of its ability to protect that interest in the absence of intervention; and (4) inadequate representation of that interest by parties already before the court. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir.1997) (citations omitted). The condemnation actions at issue were filed in 1996; DIBCO did not move to intervene until 2001. The district court found that DIBCO’s motion to intervene was untimely and denied its motion to intervene as of right on that basis. The district court’s timeliness decision is reviewed for an abuse of discretion. Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989).
The timeliness prong of Rule 24(a)(2) requires the movant to file its motion to intervene promptly after discovery of its interest in the litigation. United States v. Tennessee, 260 F.3d 587, 594 (6th Cir.2001). DIBCO contends that its responsibility to timely intervene arose on November 15, 2001, when it learned the amount of the Commodities defendants’ recent settlement with the Government — that is, when DIBCO learned the amount of its potential liability pursuant to the MOA. The district court, however, properly concluded that DIBCO should have moved to intervene within a reasonable period after December 12, 1996, which is when DIBCO received notice that the first two condemnation suits had been filed. In short, 1996 was when DIBCO learned of the fact of its potential liability under the MOA. It should have intervened then, and not waited until it learned the amoimt of that potential liability in 2001. See Stotts v. Memphis Fire Dep’t, 679 F.2d 579, 584 & n. 3 (6th Cir.1982) (applicants for intervention “should have attempted to intervene when they first became aware of the action, rather than adopting a ‘wait-and-see’ approach.”).
Accordingly, the district court did not abuse its discretion in finding DIBCO’s motion to intervene untimely. Although I would find that DIBCO — as the potential remunerator for the hefty $14.9 settlement reached between the Government and the Commodities defendants — easily satisfies the remaining requirements for intervention, the untimeliness of its motion is fatal. I would therefore affirm the district court’s denial of DIBCO’s motion to intervene on that basis alone.