**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3940
_____

MARY J. SCOTT,
                                    Appellant

v.

FAYE RIVA COHEN, ESQUIRE; DAVID OH, ESQUIRE; JEFFREY D. SNYDER,
ESQUIRE; BRUCE M. LUDWIG, ESQUIRE; LARRY PITT, ESQUIRE; HOWARD G.
HOPKIRK, DEPUTY ATTORNEY GENERAL; SUE ANN UNGER, SENIOR
DEPUTY ATTORNEY GENERAL; MARY KAY HENRY, SERVICES EMPLOYEES
INTERNATIONAL UNION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 12-cv-03252)
District Judge:  Honorable Jan  E. Dubois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 14, 2013
Before:  SLOVITER, GREENAWAY, JR. and BARRY, Circuit Judges

(Opinion filed: June 13, 2013)
_____

OPINION
_____

PER CURIAM

1

Pro se appellant Mary Scott filed a complaint in the District Court against her former counsel, Faye Riva Cohen. Scott had sustained a work-related injury in 1999. From 2002 to 2003, Cohen represented Scott in related unsuccessful employment litigation, including a worker's compensation claim before the Workers' Compensation Appeals Board. Cohen was also allegedly involved in Scott's federal suit against the Department of Public Welfare (DPW).[1] In 2008, Cohen obtained a judgment in Pennsylvania state court against Scott for unpaid legal fees and, in May 2012, obtained a writ of execution on that judgment. The underlying complaint appears to allege, inter alia, that the writ was falsely obtained. In addition to Cohen, it names numerous defendants who were allegedly involved in various ways in the worker's compensation claim process or resulting litigation including, among others, two Deputy Attorney Generals who had represented the DPW and the president of the Service Employees International Union.

The District Court dismissed the complaint against each defendant with prejudice and Scott appealed. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Scott's claims. See Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc., 653 F.3d 225, 230 (3d Cir. 2011).

---

[1] The federal suit was dismissed with prejudice. See Scott v. Pa. Dep't of Public Welfare, (E.D. Pa. Civ. No. 02-3799). The docket indicates that Scott proceeded pro se, but she claims that Cohen filed the case and seeks relief against Cohen for the "unwarranted dismissal of [the] federal case."

2

Scott's complaint purports to allege various violations of her rights. As the District Court noted, the rambling, often incoherent complaint contains few discernible claims against the defendants. Although pro se pleadings are to be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520 (1972), they must state a "plausible claim for relief to survive[ ] a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Scott's complaint presents a threshold problem of jurisdiction. Federal jurisdiction is determined from the facts as they exist when the complaint is filed. See Nationwide Mut.Fire Ins. Co. v. T & D Cottage Auto Parts and Serv., Inc., 705 F.2d 685, 688 (3d Cir. 1983). As best can be determined, the complaint sought $1 million dollars against each of the defendants for claims of legal malpractice and fraud. There appears to be no diversity jurisdiction to support these state law claims.[2] See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). Moreover, even if jurisdiction did lie, as the District Court noted, it is clear that the claims are beyond the statute of limitations. Under Pennsylvania law, the statute of limitations for a legal malpractice claim is two years if the claim is grounded in negligence and four years if the claim is premised upon a breach of contract. See Wachovia Bank, N.A. v. Ferretti, 935 A.2d 565, 571 (Pa. Super. Ct. 2007). The actions which would give rise to any conceivable malpractice claim occurred from 2002 to 2003 and are thus time-barred. Also, under Pennsylvania law, claims for fraud are governed by a two-year statute of limitations. United Nat'l Ins.

---

[2] Defendant Cohen asserts in her motion to dismiss that, like Scott, she is a resident of Pennsylvania.

Co. v. J.H. France Refractories Co., 668 A.2d 120, 121 (Pa. 1995). Although the writ of execution appears to have prompted this litigation, it is Cohen's actions in 2008 in obtaining the underlying judgment that were allegedly fraudulent; such a claim would clearly be time-barred. The remaining defendants' involvement, if any, was clearly outside the statute of limitations.

In her response to Cohen's motion to dismiss, Scott alleged several bases for her claims, including "violations of the First and Fourteenth Amendments, protected through 42 U.S.C. § 1983, and under state law, for breach of contract and tortious interference with contractual relations, and violating state and federal laws." Even if these theories of liability had been included in her complaint, the outcome would be no different. See Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). As the District Court noted, there were no factual allegations to support any § 1983 violations by any of the defendants. The facts in the response were no more developed than the insufficient allegations in the complaint. Furthermore, Scott's conclusory statements were insufficient to enable a court to draw a reasonable inference that the defendants were indeed liable for any of the misconduct that she alleged. See Iqbal, 556 U.S. at 678 ("'naked assertions' devoid of 'further factual enhancement'" do not establish grounds for relief) (citation omitted). Noting the frivolous nature of the claims, the District Court properly dismissed the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

4

For the foregoing reasons, we will affirm the District Court's dismissal of the complaint. Appellees' Henry and Ludwig's motion for permission and acceptance to file separate briefs or, alternatively, to file one brief, and motions to supplement the appendix are granted.